## Case No. 10,256.

### In re NICOLAS.

[8 Blatchf. 102; 13 Int. Rev. Rec. 78.] [1]

Circuit Court, S. D. New York. Dec. 29, 1870.

CIRCUIT COURTS — SOUTHERN DISTRICT OF NEW YORK—HOLDEN BY DISTRICT JUDGE FOR EASTERN DISTRICT.

Notwithstanding the provision of the act of April 10th, 1869 (16 Stat. 44), that "the circuit courts, in each circuit, shall be held by the justice of the supreme court allotted to the circuit, or by the circuit judge of the circuit, or by the district judge of the district, sitting alone, or by the justice of the supreme court and circuit judge, sitting together, in which case the justice of the supreme court shall preside, or, in the absence of either of them, by the other, (who shall preside,) and the district judge," the district judge of the Eastern district of New York, having been designated, under the act of July 29th, 1850 (9 Stat. 442), and the act of April 2d, 1852 (10 Stat. 5), to hold the circuit court for the Southern district of New York, and having been required, under the act of February 25th, 1865 (13 Stat. 438). to perform the duties of a judge in said Southern district, has authority to hold the circuit court for said Southern district.

[In the matter of Alexis Nicolas.]

Joel B. Erhardt, for petitioner.

Ambrose H. Purdy, Asst. Dist. Atty., for the United States.

WOODRUFF, Circuit Judge. The petitioner, having been tried and convicted of an offence against the laws of the United States, and remanded for sentence, and being now held in jail under such remand, applies for a writ of habeas corpus, upon the allegation of illegality in such order remanding him, in this, that the circuit court at which he was tried, in this present term, was held by the Honorable Charles L. Bene-

1 [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission. 13 Int. Rev. Rec. 78, contains only a partial report.]

dict, the judge of the district court of the United States for the Eastern district of New York.

By section 1 of the act of July 29th, 1850 (9 Stat. 442), in case of the sickness or other disability of any district judge, the circuit judge was authorized, if, in his judgment, the public interests required, to designate and appoint the district judge of any other district within the circuit, to hold the district court or circuit court, in case of the sickness or absence of the circuit judge, and discharge all the duties of the district judge, while such sickness or disability should continue. By the act of April 2d, 1852 (10 Stat. 5), the authority conferred by the aforesaid act was extended to any case and occasion where it should be made to appear to the circuit judge that the public interests, from the accumulation or urgency of judicial business in any district, required it to be done; and, in such case, it was made lawful for each of the said district judges separately to hold a district or circuit court at the same time, and discharge all the judicial duties of a district judge therein.

By the act of February 25th. 1865 (13 Stat. 438). the Eastern district of New York was created; and, by the third section, it was provided, that, in case of the inability, on account of sickness, of the district judge for the Southern district to hold any court therein, it should be the duty of the judge of the Eastern district to hold such court, and do and perform all the acts and duties of the judge of the Southern district; and, that, whenever, from pressure of public business, or other cause, it should be deemed desirable by the judge of the Southern district that the judge of the Eastern district perform the duties of a judge in the Southern district, an order to that effect might be entered, and thereupon the judge of the Eastern district should be empowered to do and perform, within the Southern district, and in the district court thereof, all the acts and duties of the district judge thereof.

Another act may also be referred to, that the state of the law on this general subject may be exhibited. By the act of August 6th, 1861 (12 Stat. 318), it was provided, that, in case of a vacancy in the office of district judge of any district, in a state in which there are two judicial districts, it shall be lawful for the district judge of the other district in said state to hold the district court or circuit court, in case of sickness or absence of the circuit judge, and discharge all the judicial duties of the district judge, so long as such vacancy shall continue.

All of these acts were passed with intent to provide for exigencies liable frequently to occur, and in which the disposal of the business in the circuit as well as the district court is hindered or prevented, or, by reason of the accumulation thereof, requires extraordinary judicial force.

In pursuance of the two acts first named, Mr. Justice Nelson designated the Honorable Charles L. Benedict to hold the circuit court for the Southern district of New York, in as full and ample a manner as is authorized by the said acts; and an order of the district court for the Southern district was made, in pursuance of the act of February 25th, 1865, requiring the said Charles L. Benedict, judge of the Eastern district, to perform the duties of judge in the Southern district. Under and by virtue of these acts, and the designations aforesaid, the district judge, though appointed for the Eastern district, becomes, pro hac vice, judge of the Southern district; and, under this authority, judge Benedict has performed the duties of district judge in the district and circuit courts for the Southern district, from time to time, when his duties in the Eastern district would permit. During the early part of the present October term of the circuit court, Mr. Justice Nelson was ill and absent. For a portion of the time, the circuit judge was ill, and, during the first two weeks, was not in attendance. During those two weeks, the petitioner was tried, Judge Benedict holding the circuit court.

The single suggestion in support of the present application, is, that the act of congress (Act April 10, 1869; 16 Stat. 44), providing for the appointment of circuit judges, and prescribing their powers and duties, has repealed or abrogated the former laws on the subject, so far as to take away the power of the judge of the Eastern district to hold the circuit court in the Southern district of New York. The provision cited from the act of 1869 is, that "the circuit courts in each circuit shall be held by the justice of the supreme court allotted to the circuit, or by the circuit judge of the circuit, or by the district judge of the district, sitting alone, or by the justice of the supreme court and circuit judge, sitting together, in which case the justice of the supreme court shall preside, or, in the absence of either of them, by the other, (who shall preside,) and the district judge."

If the suggestion urged be true, then that act has, more clearly, had a sweeping effect through all the other districts throughout the United States, where the provisions of the act creating the Eastern district have no operation; and, in none of the exigencies contemplated by the statutes referred to, can a district judge hold a circuit court without the district for which he was appointed, notwithstanding vacancies, or sickness, or absence, of either or all of the judges of the circuit.

I do not think such was the intention of the law, nor its effect. Its just construction, in view of the previous legislation, and of the object of the enactment of the new statute, does not require such a result. The purpose was, to provide for the appointment of circuit judges, and to define their powers and jurisdiction, not to repeal the special legislation which had provided for exigencies, and had secured the continuous, regular administration of justice. In respect to such exigencies, the act of 1869 is wholly silent. True, the new appointments would render those exigencies less frequent; but they would be liable to occur, and the public interests would demand the continued remedy as truly as before. These special acts were to prevent great evils, and are not to be deemed repealed, unless the new statute very clearly requires such a construction. I think it does not, for two reasons: (1.) The section which provides that the circuit court shall be held by the justice of the supreme court allotted to the circuit, or by the circuit judge of the circuit, or by the district judge of the district, &c., was intended to introduce the new circuit judge into his proper relation and position in the circuit, and to define the relation of the other judges to him, in connection with their joint and several relation to the circuit courts of the several districts; and the import of the word "shall," in that view, is not other or more imperative than "may" would be, had that word been used; (2.) The district judge of the district, there named, indicates the officer who is clothed with the authority, and may exercise the jurisdiction and powers, and is charged with the duties, of district judge in the district, whether derived from his original appointment, or from special acts of congress then existing, and the proper order or designation which devolves on him that jurisdiction and power, and those duties. For all the purposes contemplated in the act of 1869, Judge Benedict is the district judge of the Southern district, within its intent, and meaning, though his appointment was made, in name, for the Eastern district.

Looking at the evils guarded against by the previous legislation, the nature of the exigencies provided for, the necessity of such provision, now as heretofore, the purpose of the act of 1869, and the consequences of the construction suggested, I conclude, that the power and jurisdiction of Judge Benedict to hold the circuit court, and try and remand the prisoner, as he did, are not impaired by the act of 1869.

The application must be denied.